[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION AFTER HEARING IN DAMAGES
Plaintiff landlord and defendant corporation had no written contract. The property known as 199 Atwater Street is a two-family residential rental unit where on the right side is a singular driveway and then a sidewalk wrapping around the rear and that sidewalk leads to this new parking area which will approximately hold six cars. CT Page 11857
Exhibit A, B and C depict the problem of pooling of water within a short period of time after installation and before defendant corporation put patches over the newly prepared and covered asphalt parking area. The conclusion is that the defendant corporation "did not properly perform the work upon the parking lot."
Plaintiff's alleged agreement sealed by shaking hands with the defendant corporation's president, was to receive a new driveway to the right of the house, some concrete work where he removed some bad section of asphalt and (defendant) "was supposed to put down an entirely new parking lot that was just graded through this area that I bought from the city and he was supposed to compact it and put asphalt so the drainage goes into the road, not the sidewalk or the property."
Plaintiff paid the defendant up front and balance on completion, a total of $4,000.
Plaintiffs background included twenty-five years as a real estate developer of numerous commercial and residential properties. He files his federal tax return as a real estate developer. His testimony supports the conclusion that he is worthy of belief and qualified to express his opinion in building, rebuilding, foundations, totally rebuilding existing sites, parking areas, drainages, working with site engineers and all phases of commercial and residential properties. He has done "numerous, numerous jobs, maybe 40 or 50 of asphalt jobs."
Defendant corporation's president testified to his extensive background. "Performance of tens of thousands of (paving) contracts." The conclusion above recited "the corporation did not properly perform this contract" supports the finding as alleged in the complaint.
Defendant did not avail itself of P.B. § 17-34 having failed to notify the plaintiff of any plan to contest any of the allegations of the complaint.
C.G.S. subsection 20-429 (e) incorporates home improvement contracts to be considered a "home solicitation sale."
The court has discretion to award attorney's fees under CUTPA. C.G.S. § 42-110g (d).
Judgment for plaintiff to recover of defendant corporation the sum of
 $4,000.00 308.89 interest 2,500.00 attorney's fees CT Page 11858 $6,808.89
Costs to be taxed by the clerk.
Reynolds, Judge Trial Referee